[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 858 
On November 20, 2000, Rickey Bell was convicted of the unlawful possession of a controlled substance (cocaine).[1] The trial court sentenced him, as a habitual felony offender, to life in prison. On appeal, Bell's counsel filed a no-merit brief, and this Court affirmed Bell's conviction and sentence in an unpublished memorandum. Bell v.State, (No. CR-00-0393) 837 So.2d 886 (Ala.Crim.App. 2001) (table). On May 11, 2001, Bell filed a Rule 32, Ala.R.Crim.P., petition. On that same date, Bell filed a motion to amend his petition and a brief in support of that motion. On September 6, 2001, after the State had responded, the circuit court summarily dismissed the petition. On November 1, 2001, the circuit court denied Bell's motion to amend his petition. This appeal followed.
In his petition, Bell claimed that his trial counsel rendered ineffective assistance. Specifically, he contended that trial counsel failed to properly object at trial to the chain of custody of the cocaine and that trial counsel failed to properly object to the "the display of the pill bottle which was said to hold the alleged cocaine[;] yet, the cocaine was never shown to the jury as evidence against the Petitioner." (C. 15.) In the amendment to his petition, Bell claimed that trial counsel had rendered ineffective assistance for failing to object to the enhancement of his sentence under the Habitual Felony Offender Act using a Georgia conviction that had been reduced to a misdemeanor conviction following habeas corpus proceedings in Georgia.
In dismissing Bell's petition, the circuit court stated that Bell could have asserted, but did not assert those claims on appeal. As for Bell's claim in the amendment to his petition that his trial counsel rendered ineffective assistance because he allowed Bell's sentence to be enhanced by use of a misdemeanor conviction, the circuit court noted that Bell did not raise this issue at sentencing, in a motion for a new trial, or on appeal.
On appeal, Bell argues that the circuit court erroneously denied the amendment to his petition and that the circuit court's summary dismissal of his petition was erroneous.
 "[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001). "If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So.2d 936 (Ala.Cr.App. 1987)." Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App. 1999).
Rule 32.7(d), Ala.R.Crim.P., provides for the summary disposition of a Rule 32 petition only
 "[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b)], or is precluded [under Rule 32.2, Ala.R.Crim.P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings. . . ."
Although not precluded by Rule 32.2(a)(5), Ala.R.Crim.P., see Ex parteIngram, 675 So.2d 863 (Ala. 1996),[2] the *Page 859 
circuit court's summary disposition of Bell's two ineffective-assistance-of-counsel claims raised in his petition was nonetheless appropriate.
 "[T]o prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged test set out by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 "`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.'
"Id. at 687, 104 S.Ct. at 2064.
 "`The performance component outlined in Strickland
is an objective one: that is, whether counsel's assistance, judged under "prevailing professional norms," was "reasonable considering all the circumstances."' Daniels v. State, 650 So.2d 544, 552 (Ala.Cr.App. 1994) (quoting Strickland, 466 U.S. at 688, 104 S.Ct. at 2065). Once a defendant has identified the specific acts or omissions that allegedly were not the result of reasonable professional judgment on counsel's part, the court must determine whether those acts or omissions fall outside the wide range of professionally competent assistance. Id.
 "When reviewing a claim of ineffective assistance of counsel, we indulge a strong presumption that counsel's conduct was appropriate and reasonable. Hallford v. State, 629 So.2d 6 (Ala.Cr.App. 1992), cert. denied, 511 U.S. 1100, 114 S.Ct. 1870, 128 L.Ed.2d 491 (1994); Luke v. State, 484 So.2d 531
(Ala.Cr.App. 1985).
 "`Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.'
 "Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (citations omitted). See Ex parte Lawley, 512 So.2d 1370, 1372 (Ala. 1987).
 "And, even if an attorney's performance is determined to be deficient, the petitioner is not entitled to relief unless it is also established that `there is a *Page 860 
reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
 "In an ineffective assistance of counsel claim, the burden is on the claimant to show that his counsel's assistance was ineffective. Ex parte Baldwin, 456 So.2d 129 (Ala. 1984), aff'd, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985)."
McNair v. State, 706 So.2d 828, 839 (Ala.Crim.App. 1997).
As for the chain-of-custody claim, Bell claims that there was a break in the chain of custody of the cocaine when the cocaine was in the possession of a police officer before the officer deposited the cocaine with the Department of Forensic Sciences. However, Bell does not argue that an objection to the chain of custody would have been sustained. This Court has held evidence to be correctly admitted even when the chain of custody suffers from a weak or missing link. See, e.g., Shute v. State,469 So.2d 670 (Ala.Crim.App. 1984). Additionally, Bell does not allege any tampering with the cocaine by law enforcement, nor does he allege that the substance he was found in possession of differed in any way from the substance submitted as evidence at trial. See generally Ex parteJones, 592 So.2d 210, 212 (Ala. 1991) ("`The purpose for requiring that the chain of custody be shown is to establish to a reasonable probability that there has been no tampering with the evidence."' (quoting Williamsv. State, 505 So.2d 1252, 1253 (Ala.Crim.App. 1986))). Therefore, he has pleaded facts insufficient to establish that his trial counsel's assistance was defective and that he was somehow prejudiced by the alleged deficiency. Because Bell failed to state a claim upon which relief could be granted, summary disposition was appropriate.
As for the claim that the pill bottle was improperly displayed, Bell appears to be arguing that the jury should have been shown the cocaine inside the pill bottle, rather than simply the pill bottle, because "the jury found credibility in the testimony without the evidence." (C. 22.) This claim is vague. Bell has not shown how his trial counsel's conduct was deficient or how the outcome of his trial would have been different had his trial counsel ensured that the jury was shown the cocaine in the bottle. Therefore, Bell failed to state a claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). Because Bell failed to state a claim upon which relief could be granted, summary disposition of this claim was appropriate.
Bell's third claim, however, is problematic. Aside from the ineffective-assistance aspect of the claim, we are also concerned with the possibility that Bell's sentence is illegal. If Bell's sentence was enhanced by a prior conviction that either was a misdemeanor at the time of sentencing, or subsequently was commuted to a misdemeanor by virtue of a ruling on a federal habeas corpus petition, that prior conviction, if it is indeed a misdemeanor, cannot legally be used to enhance his sentence under the Habitual Felony Offender Act.
We remand this cause to the circuit court because the allegations in Bell's pleadings, undisputed by the State, are sufficient to demonstrate that he is entitled to relief if they are true. See Ex parte Boatwright,471 So.2d 1257, 1258 (Ala. 1985) (holding that when a petition contains claims that, if true, would entitle the petitioner to relief, further proceedings are warranted), and Chaverst v. State, *Page 861 517 So.2d 643, 644 (Ala.Crim.App. 1987) (holding that, when the State does not refute a petitioner's allegation, the unrefuted statements must be taken as true). If Bell's sentence was enhanced by a prior misdemeanor conviction, his sentence is illegal. "Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved." Hunt v. State, 659 So.2d 998, 999
(Ala.Crim.App. 1994).[3]
Therefore, we remand this cause to the circuit court for it to determine whether Bell is entitled to relief on this claim. The circuit court is to hold an evidentiary hearing, or, in the alternative, take evidence by affidavits, written interrogatories, or depositions as provided in Rule 32.9(a), Ala.R.Crim.P. The circuit court then "shall make specific findings of fact relating to each material issue of fact presented," as required by Rule 32.9(d). A return to remand consisting of the transcript of the hearing (or a record of the alternative procedure) and the circuit court's findings of fact shall be filed in this Court within 42 days from the release of this opinion. On remand, the circuit court is authorized to grant Bell whatever relief, if any, is appropriate, including resentencing Bell in accordance with the Habitual Felony Offender Act and with this opinion.
REMANDED WITH DIRECTIONS*.
McMillan, P.J., and Shaw and Wise, JJ., concur. Baschab, J., concurs in the result.
[1] Bell was also convicted of attempting to elude the police. However, he did not contest that conviction or sentence in his Rule 32 petition.
[2] Bell was represented by the same attorney at trial and on direct appeal.
[3] In its order denying Bell's motion to amend his petition, the circuit court addressed the fact that the sole contention in the amendment was precluded. Apparently, then, even though it denied Bell's motion to amend his petition, it nonetheless considered the claim.
* Note from the reporter of decisions: On September 20, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.