PAUL A. BONIN, Judge.
| Reginald Cummings was found guilty at the close of a bench trial of attempted possession of cocaine, attempted possession of marijuana, and attempted possession of drug paraphernalia. Concurrent sentences of thirty days confinement in Orleans Parish Prison for each offense were imposed, with credit given for time already served.[1] Mr. Cummings appealed *959 and, on account of his indigency, counsel was appointed to represent him on appeal.
His appointed appellate counsel, however, filed a motion to withdraw, asserting that after a conscientious and thorough review of the record she had discovered no non-frivolous issues to raise on Mr. Cummings’ appeal. Appellate counsel also filed a Benjamin[2] brief in conjunction with her motion to withdraw that reviewed the facts and procedural history of the matter, set forth any issues that might arguably support the appeal, and affirmatively requested that we perform an “errors patent” review. Mr. Cummings, despite being afforded notice and opportunity both by his counsel and by us, chose not to file a supplemental brief pro se.
| ¡After our initial review of appellate counsel’s briefing for compliance with Benjamin, we directed that counsel file a supplemental brief in order to discuss several issues, enumerated by us, which had been previously unaddressed. Counsel complied with our directive and submitted a more thorough explanation of the process and considerations by which she determined that a Benjamin brief was appropriate. She also attached the notes from her review of the record and transcripts.
After reviewing appellate counsel’s briefs, we conducted our own independent examination of the entire record in order to detect whether any non-frivolous argument in support of Mr. Cummings’ appeal could be identified. We find that appellate counsel provided constitutionally-effective assistance and correctly determined that Mr. Cummings’ appeal is wholly frivolous. Thus, we grant appellate counsel’s motion to withdraw and affirm Mr. Cummings’ convictions and sentences.
We turn now to a more thorough explanation of our decision in which we amplify the respective roles of appellate counsel and intermediate appellate court in assuring that an indigent defendant has received effective assistance of appointed counsel on appeal and that we are fully satisfied that there does not exist any non-frivolous argument which might support relief to the appellant.
I
We begin our explanation by reviewing the mechanisms which become operative at the intermediate appellate court when an indigent’s appointed counsel moves to withdraw from her representation rather than file a brief which has no non-frivolous arguments.
Is A proper ruling on appellate counsel’s motion to withdraw necessitates that we make two interrelated determinations coinciding with the dual-burden structure set forth in State v. Benjamin, which imposes specific obligations upon appellate counsel as well as the reviewing court. See 573 So.2d 528 (La.App. 4th Cir.1990). First, we must decide whether counsel has shown through her Benjamin brief that the defendant was provided with constitutionally-effective assistance of counsel and, as such, a diligent and thorough search of the record was performed by counsel for any arguable claim that might support an appeal. See id. at 530-31. See also McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). Second, following our independent review of the record, we must determine whether counsel correctly concluded that the defendant’s appeal is wholly frivolous. See Benjamin, 573 So.2d at 531. See also McCoy, 486 U.S. at 442, 108 S.Ct. 1895. We elaborate upon each of these determinations to further explore the interconnectivity of the respective burdens imposed under Benjamin.
*960 A
We set forth here the legal precepts that define the duty of counsel to render eonsti-tutionally-effective assistance to a criminal defendant on appeal prior to filing a motion to withdraw. ■
The Louisiana Constitution affords Mr. Cummings the right to appeal his non-capital felony convictions to us. See La. Const, art. 1, § 19; La. C.Cr.P. arts. 911, 912 A; 912.1 B(l).[3] Mr. Cummings has a right to representation by counsel on |4that appeal, and, because of his indigency, counsel is provided at no expense to him. See U.S. Const, amend. VI; Douglas v. California, 372 U.S. 353, 357, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).
Representation by counsel in criminal court has long been held essential to ensure the protection of criminal defendants’ rights, see Penson v. Ohio, 488 U.S. 75, 84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), as even an “intelligent and educated layman has small and sometimes no skill in the science of law.” Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158 (1932). And the impetus for that constitutional right does not evaporate as the legal proceeding shifts from trial to the appellate stage of the prosecutorial process. See Penson, 488 U.S. at 85, 109 S.Ct. 346.
Appellate representation is primarily comprised of two services. First, counsel must “master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal.” McCoy, 486 U.S. at 438, 108 S.Ct. 1895. Second, if arguable trial error is discovered, counsel “prepares and submits a brief on the merits and argues the appeal.” Smith v. Robbins, 528 U.S. 259, 293, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (Souter, J., dissenting). See also State v. Jyles, 96-2669, p. 2 (La.12/12/97); 704 So.2d 241, 241 (per cu-riam) (punctuation omitted). The right to a partisan scrutiny of the record and assessment of potential issues to raise on appeal is unqualified, while the right to a merits briefing is not. See Robbins, 528 U.S. at 293, 120 S.Ct. 746 (Souter, J., dissenting).
“In searching for the strongest arguments available, the attorney must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client.” McCoy, 486 U.S. at 444, 108 S.Ct. 1895.[4] “Counsel should, and must, raise whatever tissues ‘arguably support the appeal,’ including arguments for change in established law when a valid basis for advocating such change exists.” Benjamin, 573 So.2d at 531. Appellate counsel, however, will not be required “to raise frivolous issues, then refer to legal authorities which demonstrate that these issues are in fact frivolous and thus undermine his client’s position.” Id. at 530. The canons of professional ethics limit such advocacy as it is “the obligation of any lawyer — whether privately retained or publicly appointed — not to clog the courts with frivolous motions or appeals.” McCoy, 486 U.S. at 438, 108 S.Ct. 1895.
If counsel determines that a defendant’s appeal is wholly frivolous after a conscientious examination, counsel advis *961 es the court and requests permission to withdraw. See Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (emphasis added). While this disclosure would superficially seem to conflict with counsel’s duty to her client, see Rule 1.6, La. Rules of Prof. Conduct; McCoy, 486 U.S. at 437, 108 S.Ct. 1895, we have found this course of action to be proper and held that an indigent appellant receives constitutionally-effeetive “assistance when an attorney, exercising professional competence and judgment after a conscientious and thorough review of the record, concludes that there are no non-frivolous issues to raise on appeal and no rulings which arguably support the appeal.” Benjamin, 573 So.2d at 530-31. See also Robbins, 528 U.S. at 281-82, 120 S.Ct. 746.
Appellate counsel’s motion to withdraw, however, is not immediately granted by this Court upon counsel’s advisement of her determination; counsel must show that constitutionally-effeetive assistance was provided the defendant on appeal. The United States Supreme Court, in Anders, set forth a “prophylactic” procedure to ensure that criminal defendants’ rights to constitutionally-effeetive assistance of counsel are protected. See id. at 265, 276, 120 S.Ct. 746. The procedure set forth in \ eAnders dictates that a motion to withdraw “be accompanied by a brief referring to anything in the record that might arguably support the appeal.” 386 U.S. at 744, 87 S.Ct. 1396 (emphasis added).
While we in Louisiana adhere to the Anders procedure because it has been deemed to be constitutionally-sufficient, it is not the only constitutionally-sufficient procedure. See Robbins, 528 U.S. at 274, 120 S.Ct. 746 (quoting Spencer v. Texas, 385 U.S. 554, 564, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967)) (“the Constitution ‘has never thought to establish - [the United States Supreme] Court as a rule-making organ for the promulgation of state rules of criminal procedure.’”). In fact, States may experiment with different methodologies provided that such experimentation continues to “ensure that those indigents whose appeals are not frivolous receive the counsel and merits brief required by Douglas[, 372 U.S. 353, 83 S.Ct. 814],...” Robbins, 528 U.S. at 277, 120 S.Ct. 746.
In response to Lofton v. Whitley,[5] an opinion in which the federal Fifth Circuit Court of Appeals found our previously-implemented procedure constructively denied assistance of counsel to indigent defendants on appeal,[6] we, as one intermediate appellate court, decided Benjamin in which we elaborated upon the requirement of counsel to show that constitutionally-effeetive assistance was afforded a defendant whose appeal is wholly frivolous. The Louisiana Supreme Court later sanctioned the Benjamin procedure in other circuits and ultimately adopted compliance with its procedure statewide. See State v. Robinson, 590 So.2d 1185 (La.1992) (per curiam) (sanctioning the Benjamin procedure); State v. Royals, 600 So.2d 653 (La.1992) (remanding the matter to the First Circuit Court of Appeal, instructing the Court to follow the procedure |7outlined in Benjamin); State v. Mouton, 95-0981 (La.4/28/95); 653 So.2d 1176 (per curiam) (instructing the Third Circuit Court of Appeal to apply the procedure set forth in Benjamin); Jyles, 96-2669; 704 So.2d 241 (confirming the Court’s general endorsement of the procedures outlined in Benjamin and further clarifying the duty of counsel to provide constitutionally-effeetive assistance).
The procedure set forth in Benjamin requires appellate counsel, after filing *962 a motion to withdraw, to submit a brief, demonstrating to the appellate court by full discussion and analysis that he has cast an advocate’s eye over the trial record, Id., 96-2669, p. 2; 704 So.2d at 241 (punctuation omitted), and providing “‘a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.’ ” Id., 96-2669, p. 3; 704 So.2d at 242 (citing Mouton, 95-0981, p. 2; 653 So.2d at 1177).
The Benjamin briefing serves two specific purposes. First, it ensures compliance with the “equal protection requirement that appointed counsel representing an indigent defendant acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae.” Jyles, 96-2669, p. 3; 704 So.2d at 241-42. See also Anders, 386 U.S. at 744, 87 S.Ct. 1396; Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680 (1942) (the right to representation presumes “an attorney devoted solely to the interests of his client”). Second, and importantly as we know from experience, “[b]ecause counsel may discover previously unrecognized aspects of the law in the process of preparing a written explanation of his or her conclusion, the discussion requirement provides an additional safeguard against mistaken conclusions by counsel that the strongest arguments he or she can find are frivolous.” McCoy, 486 U.S. at 442, 108 S.Ct. 1895.
|sThe Benjamin brief “should include a thorough review of the procedural history of the case, a review of the facts of the case, a reference to anything in the record that might arguably support the appeal or a statement negating the presence of such, and a statement, either in the motion to withdraw or the appellant’s brief, that counsel, after a conscientious and thorough review of the trial court record, can find no non-frivolous issues to raise on appeal and no ruling of the trial court which arguably supports the appeal.” 573 So.2d at 530. .The Louisiana Supreme Court in more recent decisions has also urged counsel submitting Benjamin briefs not to overlook a detailed discussion of the various aspects of the case, including sufficiency of the evidence and objections asserted prior to and during trial. See Mouton, 95-0981, p. 1; 653 So.2d at 1177; Jyles, 96-2669, p. 1; 704 So.2d at 241.
Counsel need not, however, “catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit.” Id., 96-2669, p. 2; 704 So.2d at 241 (citing Barnes, 463 U.S. at 752-53, 103 S.Ct. 3308). But the brief should serve to “adequately convey the professional judgment of an advocate eyeing prospects on appeal...,” Mouton, 95-0981, p. 1; 653 So.2d at 1177 (Calogero, C.J., concurring), and “induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also the legal authorities as furnished it by counsel.” Anders, 386 U.S. at 745, 87 S.Ct. 1396. Thus, counsel should strive to demonstrate “by full discussion and analysis that [she] has ... considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented....”. Jyles, 96-2669, p. 2; 704 So.2d at 241.
_kB
Following appellate counsel’s filing of a motion to withdraw and a Benjamin brief, we first permit the criminal defendant an opportunity to ñle a supplemental brief pro se. See Benjamin, 573 So.2d at 531. Regardless of whether the defendant chooses to act, however, we will conduct an independent review of the en *963 tire record to determine whether his appeal is wholly frivolous. See id. at. 530. See also Robbins, 528 U.S. at 265, 120 S.Ct. 746. And in this section we set out with particularity what that independent review consists of.
1
In common with all other criminal appeals, we conduct an errors patent review under La. C.Cr.P. art. 920(2), which defines such errors as those “diseoyerable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” La. C.Cr.P. art. 920(2). Thus, as we noted in Benjamin, we examine, when applicable, the bill of information or indictment, all minute entries, the jury composition and verdict, the sentence, all pleadings in the record, the jury sheets, and all transcripts. See, 573 So.2d at 531.
As an aid to appellate counsel,[7] we disclose our own specific checklist for “errors patent” review which, while not exhaustive or necessarily exclusive, assists us in making the determinations enumerated below:
• Whether the defendant was present at the following stages of his trial: arraignment, pleading, jury selection, trial, the rendition of judgment, and the imposition of sentencing. See La. C-Cr.P. art. 831.
lio» Whether the prosecution for an offense punishable by death or life imprisonment was instituted by indictment by a grand jury. See La. C.Cr.P. art. 382.
• Whether the indictment was signed by the grand jury foreperson, see La. C.Cr.P. art. 383, or whether the bill of information was signed by the district attorney or city prosecutor. See La. C.Cr.P. art. 384.
• Whether any other error exists in the form of the bill of information or indictment. See La. C.Cr.P. arts. 383; 461 et seq.
• Whether the substantive statute for which the appellant was convicted has been previously declared unconstitutional. See La. C.Cr.P. art. 872(1).
• Whether the defendant properly pleaded guilty to a substantive offense. See La. C.Cr.P. arts. 551-61. See also State v. Jackson, 04-2863 (La.11/29/05); 916 So.2d 1015 (wherein a guilty plea to a charge non-responsive to that charged in the bill of information is not invalidated due to the failure of the district attorney to amend the bill of information).
• Whether the jury was composed of the proper number of members and whether the proper number of jurors concurred to render a verdict See La. C.Cr.P. art. 782.
• Whether the jury was properly sequestered. See La. C.Cr.P. art. 791.
• Whether trial by jury was properly waived. See La. C.Cr.P. art. 782 B.
• Whether the verdict in the matter was responsive to the offense charged. See La. C.Cr.P. arts. 809-10; 814.
• Whether a verdict was rendered for each count as to each defendant. See La. C.Cr.P. arts. 818-9.
In* Whether proper delays were adhered to between conviction and the imposition of sentence. See La. C.Cr.P. art. 873.
• Whether proper delays were adhered to between the trial court’s overruling of the defendant’s motion for a new trial or motion in arrest of judgment and the imposition of sentence. See La. C.Cr.P. art. 873.
• Whether the sentence is recorded in the minute entries for the matter. See La. C.Cr.P. art. 871.
*964 • Whether the sentence imposed is legal in all respects. See La. C.Cr.P. arts. 879; 882; 898; La. R.S. 15:543.
• Whether the defendant was granted an appeal following sentencing. See La. C.Cr.P. art. 914.
In reviewing these non-evidentiary materials, we are seeking to discover whether an-arguable basis for appeal exists. See Benjamin, 578 So.2d at 531.[8]
2
. But our review of the record in a situation in which appointed appellate counsel is seeking to withdraw is not restricted to an inspection for patent errors. In this situation and others like it, we are searching the record to confirm appellate counsel’s representation that there are no non-frivolo'us arguments to advance on behalf of the defendant.
Thus a basic investigation must be made to determine whether the evidence was sufficient to sustain the conviction. In this regard, just as an advocate must, we must first identify the essential elements of the crime for which the defendant has been convicted and at least locate in the evidence sufficient support for a | ^finding that each and every element has been proven beyond a reasonable doubt under the minimal constitutional standard announced in the well-known decision of Jackson v. Virginia. See 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Most especially, however, we must be completely satisfied that the record is not devoid of evidence of an essential element of the charged offense. See State v. Thacker, 14-0418, p. 2 (La.10/24/14); 150 So.3d 296, 297 (per curiam). See also State v. Raymo, 419 So.2d 858 (La.1982).
3
Another aspect of our independent record review is an overall scrutiny of the record, including the transcripts of any hearings, trials, or sentencings. We too are thoroughly examining to ensure that erroneous rulings on motions and objections made adversely towards the criminal defendant prior to or during trial did not affect the course of that trial. This review operates as a safeguard to check the proceedings for reversible error.
II
Following our comprehensive independent review as described above, if we agree with counsel’s determination that the defendant’s appeal is wholly frivolous, we will grant counsel’s motion to withdraw and affirm the defendant’s conviction. See Benjamin, 573 So.2d at 531. Should we disagree with counsel, however, and find non-frivolous issues exist in the appeal, we must, prior to our decision, “afford the indigent the assistance of counsel to argue the appeal.” Benson, 488 U.S. at 80, 109 S.Ct. 346 (citing Anders, 386 U.S. at 744, 87 S.Ct. 1396). See also Benjamin, 573 So.2d at 531.
Here, based upon our review of the Benjamin briefs submitted by appellate counsel and of the entire record, we find that Mr. Cummings was afforded constitutionally-effective assistance of counsel on appeal. We also find that a | ^merits brief is unnecessary because Mr. Cummings’ appeal is wholly frivolous. Accordingly, we grant counsel’s motion to withdraw and affirm Mr. Cummings’ convictions and sentences.
A
In her initial briefing, appellate counsel set forth the facts and procedural *965 history of the case, requested that we conduct an “errors patent” review under La. C.Cr.P. art. 920(2), and asserted, but did not assign as error, that the evidence used to convict Mr. Cummings at trial of attempted possession of cocaine and drug paraphernalia was insufficient as that evidence failed to exclude every reasonable hypothesis of innocence, focusing specifically on the lack of proof of constructive possession. Appellate counsel contemporaneously filed a motion to withdraw from the matter. In that motion, counsel stated that after a conscientious and thorough examination and review of the entire appellate record she had discovered no non-frivolous issues to present on appeal. Counsel further stated that two letters had been sent to Mr. Cummings: a general letter explaining the meaning of a Benjamin brief and that Mr. Cummings was entitled to file a supplemental brief pro se and a confidential letter detailing the specific issues considered by counsel and explaining why those issues were not briefed. A copy of the general letter was attached to the motion to withdraw.
We directed appellate counsel to file a supplemental Benjamin brief to discuss numerous issues unaddressed in her initial briefing, noting that both Jyles, 96-2669, p. 3; 704 So.2d at 242, and Mouton, 95-0981, p. 2; 653 So.2d at 1177, require appellate counsel to provide a detailed and reviewable assessment of whether an appeal is worth pursuing to both Mr. Cummings and this Court. Appellate counsel complied and filed the requested supplemental Benjamin brief. |14In that brief, counsel was quick to correctly emphasize that every meritless objection or motion made during the prosecutorial process need not be cata-logued and that counsel is only required to show that an advocate’s eye was cast over the proceedings. Counsel nonetheless discussed the matters that she was directed to address, identifying specific pages in the record and transcripts when appropriate. In those discussions, counsel was diligent to not breach her duty of confidentiality, noting at specific times that to discuss a matter further would require her to violate the canons of professional ethics. Finally, counsel also attached the notes from her review of the record and transcripts to inform us as to the extent of her work done on Mr. Cummings’ behalf.
Counsel’s motion to withdraw and her initial and supplemental briefing demonstrate that an advocate’s eye was cast over Mr. Cummings’ appeal and thus her assistance was constitutionally-effective.
B
In our independent review of the entire record to determine whether appellate counsel correctly determined that Mr. Cummings’ appeal was wholly frivolous, we have examined the pleadings filed in the trial court, the minute entries detailing the proceedings, the bill of information, his sentence, and the transcripts contained in the appellate record. We begin with a brief discussion of the facts relevant to Mr. Cummings’ appeal contained in the uncon-tradicted police testimonies at trial. We then proceed to conduct our independent review of the entire record.
Following Detective Travis Brooks’ surveillance of a hand-to-hand drug transaction between Bradley Gayton and Alfred Jones outside of the residence at 2221 St. Anthony Street, a “take-down” unit, comprised of several police officers | ir,including Detective Todd Durel, was ordered to arrest both men.[9] The subsequent searches yielded crack cocaine and a glass cylinder, *966 commonly-referred to as a “crack pipe,” from Mr. Gayton and $415 in cash from Mr. Jones.
Following the discovery of the proceeds of a narcotics transaction, Detective Durel left to apply for a search warrant for the residence at 2221 St. Anthony Street. Pending judicial issuance of that search warrant, Mr. Cummings exited the house and was detained by officers at the scene. In later executing the search warrant, the officers discovered another “crack pipe” on a coffee table, a marijuana cigarette under a bed, crack cocaine in a pair of shorts hanging on a bedroom door, and a digital scale, small plastic bags and razors on the kitchen table. The police also found an Entergy bill for the house addressed to Mr. Cummings, who was then arrested.
Mr. Cummings was charged by a bill of information with possession of cocaine, possession of marijuana, and possession of drug paraphernalia. The bill of information was in proper form and signed by the district attorney. These longstanding statutes have not been ruled unconstitutional by any court with binding authority over us.
The minute entries of the proceedings at the district court reflect that Mr. Cummings was present for arraignment, when he entered a plea of not guilty, at trial, when the district judge rendered judgment, and at sentencing. Mr. Cummings was not present at jury selection as that hearing did not occur due to his decision to elect for a judge trial. As a jury trial was not elected, review of the proper 1 ^composition and sequestration of the jury is also unnecessary. Our review of the pretrial rulings in which the trial judge denied motions to suppress evidence and a statement has identified no arguable error. Our review also has not uncovered any erroneous rulings made during trial.
Following trial, Mr. Cummings was convicted of attempted possession of cocaine, attempted possession of marijuana, and attempted possession of drug paraphernalia. This verdict is an authorized responsive verdict to a charge of simple possession. See La. C.CrJP. art. 814(48, 48.1). See, e.g., State v. Sylvia, 01-1406 (La.4/9/03); 845 So.2d 858, 361. The verdict was also as to each count charged against Mr. Cummings.
We find that the record is not devoid of evidence of any essential element of those offenses, and thus sufficient evidence was adduced at trial to sustain these verdicts. See Thacker, 14-0418, p. 2; 150 So.3d at 296. To support a conviction for possession of any illicit substance or object, the district attorney must prove beyond a reasonable doubt that the defendant was in possession of the substance or object and that he knowingly or intentionally possessed it. See La. R.S. 40:967 C; La. R.S. 40:966 C; La. R.S. 40:1023 C. “Guilty knowledge is an essential element of the crime of possession.... The elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances.” See Sylvia, 01-1406, p. 3; 845 So.2d at 361 (citations omitted).
The district attorney also need not prove that the defendant was in actual possession of the illicit substance or object; constructive possession is sufficient to support a conviction. See State v. Toups, 01-1875, p. 3 (La.10/15/02); 833 So.2d 910, 913; State v. Council, 01-0639, p. 4 (La. App. 4 Cir. 11/28/01); 802 So.2d 970, 973! “ ‘A person may be in constructive possession of a drug even though it is [17not in his physical custody, if it is subject to his dominion and control.’” Toups, 01-1875, p. 3; 833 So.2d at 913 (quoting State v. Trahan, 425 So.2d 1222, 1226 (La.1983)). “Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute con *967 structive possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs.” Id., 01-1875, p. 4; 883 So.2d at 913.
An attempt to commit an offense occurs when “[a]ny person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his ob-ject_” La. R.S. 14:27 A. “An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.” La. R.S. 14:27 C.
As previously mentioned, Mr. Cummings was convicted of attempted possession of cocaine, marijuana, and drug paraphernalia, all of which are authorized responsive verdicts to the charge of simple possession. At trial, the district attorney put forth evidence recovered from a search of Mr. Cummings’ home during which a crack pipe, cocaine, and marijuana were found. Mr. Cummings’ residence at the home was established by the existence of an Entergy bill in his name. Drugs and paraphernalia were scattered in the open open throughout Mr. Cummings’ home. The evidence establishes that Mr. Cummings clearly had access to and dominion over the narcotics and drug paraphernalia. Furthermore, Mr. Cummings was arrested exiting the residence while Detective Durel was |1Rapplying for the search warrant. The evidence adduced at trial was sufficient to sustain his convictions for attempted possession of cocaine, marijuana, and drug paraphernalia. See Sylvia, 01-1406, p. 3; 845 So.2d at 361 (“Evidence which would support a conviction of a charged offense would necessarily support a conviction for a lesser included offense.”).
Following his convictions, Mr. Cummings filed a motion for a new trial, which the trial judge denied at a subsequent hearing. Mr. Cummings then waived the sentencing delays requiring that a defendant not be sentenced until 24 hours after the denial of that motion. The trial judge then sentenced Mr. Cummings to 30 days in Orleans Parish Prison for each offense. The trial judge also ordered that the terms of the sentences run concurrently and that Mr. Cummings be given credit for time already served. These sentences are contained in the minute entries and fall within the proper statutory sentencing limits. The permissible sentence following conviction for attempted possession of cocaine is a term of imprisonment for not more than two and one-half years with or without hard labor and a fine of not more than $2500. See La. R.S. 14:27 D(3); La. R.S. 40:967 C(2). After being convicted of attempted possession of marijuana, an offender may be fined not more than $250, imprisoned in the parish jail for not more than three months, or both. See La. R.S. 14:27 D(3); La. R.S. 40:966 E(l). Finally, the appropriate sentence following a conviction for attempted possession of drug paraphernalia is the imposition of a fine not in excess of $250 and a term of imprisonment of not more than three months, or both. See La. R.S. 14:27 D(3); La. R.S. 40:1025 A. The sentencing judge’s decision that these sentences run concurrently was also proper. See La. C.Cr.P. art. 883. Following the imposition of his sentence, the trial judge granted Mr. Cummings’ motion to appeal.
11flTherefore, our independent review has not found any arguable basis for Mr. Cummings’ appeal.
*968 III
We turn now to note a contrast between our Benjamin procedures and those currently employed in the United States Fifth Circuit Court of Appeals. Under Benjamin, we have an independent, non-delega-ble duty to scrutinize the record in order to assure that the defendant has no non-frivolous argument for relief on appeal as which would impede the withdrawal of the defendant’s appointed counsel. And, similar to the requirements for counsel’s Benjamin brief, our opinion must demonstrate our independent scrutiny. The federal Fifth Circuit, however, has delegated that in-depth record scrutiny to appellant’s counsel. The Fifth Circuit seeks “to be guided in reviewing the record by the An-ders brief.... If the brief explains the nature of the case and fully and intelligently discusses the issues that the type of case might be expected to involve, [that court will] not conduct an independent top-to-bottom review of the record ... [and] shall confine [its] scrutiny of the record to the portions of it that relate to the issues discussed in the brief.” United States v. Flores, 632 F.3d 229, 233 (5th Cir.2011).[10]
While we have no intention (or authority) to cede or delegate to appointed appellate counsel our duty to independently review the record, we have specified the processes to which we as a court adhere in our scrutiny in order to encourage appellate counsel to not only consider those processes but to also address them in any Benjamin brief which may be filed.
IzqDECREE
Mr. Cummings’ conviction and sentence are affirmed; appellate counsel’s motion to withdraw is granted.
MOTION TO WITHDRAW GRANTED; CONVICTIONS AND SENTENCES AFFIRMED

. This apparently resulted in the immediate release of Mr. Cummings as his sentences were completed. •

. See State v. Benjamin, 573 So.2d 528 (La. App. 4th Cir.1990).

.- Nothing in the United States Constitution guarantees a criminal defendant's right to appeal his convictions. The United States Supreme Court, however, has held that, if such right is granted to those able to pay, then an appeal must also be provided to indigent defendants. See Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987(1983).

. 905 F.2d 885 (5th Cir. 1990).

. See Benjamin, 573 So.2d at 530.

. See discussion in Part III, post.

. This Court will order an appellate record supplemented when the record is insufficient to perform this review. See La. C.Cr.P. art. 914.1(D).

. For a more detailed discussion of the facts surrounding the surveillance and arrests of Mr. Jones and Mr. Gayton, see State v. Gay-ton, 13-1613, pp. 1-2 (La.App. 4 Cir. 12/10/14); 156 So.3d 738.

. The federal Fifth Circuit posts its detailed checklist and outline for an Anders brief on its website and expects appointed counsel to comply. See Flores, 632 F.3d at 232.