STATE OF LOUISIANA       *       NO. 2023-KA-0556

VERSUS       *

      **COURT OF APPEAL**

ERIC E IRONS       *

      **FOURTH CIRCUIT**

      *

      **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 545-094, SECTION "H"
Honorable Camille Buras, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Nakisha Ervin-Knott)

Jason Rogers Williams
District Attorney
Brad Scott
Assistant District Attorney
Chief of Appeals
ORLEANS PARISH
619 South White Street
New Orleans, Louisiana 70119

      COUNSEL FOR STATE OF LOUISIANA

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, Louisiana 70158

      COUNSEL FOR DEFENDANT/APPELLANT

           **MOTION TO WITHDRAW GRANTED;**
           **CONVICTIONS AND SENTENCES AFFIRMED**

              **FEBRUARY 20, 2024**

After a jury trial, the defendant, Eric E. Irons (hereafter "Defendant"), was convicted of one count felony carnal knowledge of a juvenile and one count indecent behavior with a juvenile.[1] Defendant's appellate counsel (hereafter "Counsel") filed a motion to withdraw along with an appellant brief pursuant to *State v. Benjamin,* 573 So.2d 528 (La. App. 4th Cir. 1990) with this Court, requesting only a review of the record for errors patent. After conducting our own independent examination of the entire record, we grant Counsel's motion to withdraw and affirm Defendant's convictions and sentences.

## STATEMENT OF THE FACTS

On November 3, 2018, fifteen year old H.G.[2] attended the homecoming dance with her cousin. After the dance, H.G. returned home; however, she later snuck out of the house at 1:00 A.M. to meet Defendant in an abandoned house in her neighborhood. When H.G. met Defendant at the abandoned house, he shot her in the neck. H.G. attempted to call 911 and her mother from the abandoned house, but her

---

[1] Defendant was also charged with second degree cruelty to a juvenile. After jury deliberations, the jury was deadlocked as to this charge. Instead of being retried on this charge, on July 17, 2023, Defendant pled guilty to an amended charge of aggravated second degree battery.

[2] In accordance with La. R.S. 46:1844(W)(1)(a), to keep confidential the identities of the persons who were minors at the time of the offenses, initials have been used in place of their names.

1

calls were unsuccessful. Defendant left the scene. H.G. returned home to her mother who called 911, and H.G. was transported to a nearby hospital.

While at the hospital, H.G. identified Defendant as her shooter. During the course of the investigation, the police learned of H.G.'s sexual relationship with Defendant, which began when she was thirteen years old and Defendant was eighteen years old.

## PROCEDURAL HISTORY

On April 1, 2019, Defendant was charged with second degree cruelty to a juvenile, a violation of La. R.S. 14:93.2.3; carnal knowledge of a juvenile, a violation of La. R.S. 14:80; and indecent behavior with a juvenile, a violation of La. R.S. 14:81.[3] On April 16, 2019, Defendant pled not guilty to all charges.

A jury trial commenced on July 25, 2022, and continued through July 27, 2022, at which point, the district court granted Defendant's oral motion for a mistrial. The State filed an application for supervisory writ, and this Court reversed the district court's judgment and remanded the matter for further proceedings. *See State v. Irons,* 2022-0515 (La. App. 4 Cir. 7/28/22), 346 So.3d 299. Trial recommenced on July 28, 2022, and the jury returned "no verdict as to second degree cruelty to a juvenile." The jury returned unanimous guilty verdicts with respect to felony carnal knowledge of a juvenile and indecent behavior with a juvenile. Defendant's motion for a new trial and motion for post-verdict judgment of acquittal were denied.

On February 15, 2023, Defendant was sentenced to three years imprisonment on each count to be served concurrently. Defendant was also provided with notice

---

[3] Count one of the bill of information does not specify that the charge is second degree cruelty to a juvenile, but rather, simply states "cruelty to a juvenile." However, the trial court, in addressing the jury, specified that "in Count One, the defendant is charged with second degree cruelty to a juvenile…." On July 12, 2022, the State filed a motion to invoke firearm sentencing provisions.

that he was required to register as a sexual offender. With respect to the deadlocked count, on July 17, 2023, Defendant pled guilty to the amended charge of aggravated second degree battery and was sentenced to six years imprisonment with three years suspended and three years active probation, to be served concurrently with his earlier three-year sentences. This appeal followed.

## DISCUSSION

Counsel complied with the procedures outlined by *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in *State v. Benjamin,* 573 So.2d 528 (La. App. 4th Cir.1990), and filed Defendant's brief pursuant to *State v. Jyles,* 1996-2669 (La. 12/12/97), 704 So.2d 241. This Court, in *State v. Gayton,* 2013-1613 (La. App. 4 Cir. 1/28/15), 158 So.3d 955, discussed the substance of a *Benjamin* brief, which requires:

> [A] thorough review of the procedural history of the case, a review of the facts of the case, a reference to anything in the record that might arguably support the appeal or a statement negating the presence of such, and a statement, either in the motion to withdraw or the appellant's brief, that counsel, after a conscientious and thorough review of the trial court record, can find no non-frivolous issues to raise on appeal and no ruling of the trial court which arguably supports the appeal.

*Id.,* 2013–1613, p. 8, 158 So.3d at 962 (quoting *Benjamin,* 573 So.2d at 530). In addition to reviewing counsel's brief, we have our own independent duty to examine the record in order to determine if any legitimate basis for the appeal exists, which involves:

> (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.

3

*Benjamin,* 573 So.2d at 530; *see also Gayton,* 2013-1613, pp. 9-11, 19, 158 So.3d at 963-64, 968.

Having set forth the procedures adopted by this Court, we now turn to the case *sub judice.* Counsel's brief provides a review of the procedural history, pertinent facts of the case, and requests only a review for errors patent. Counsel has moved to withdraw because she believes, after a careful review of the record, that there are no non-frivolous arguments that support an appeal. Counsel sent Defendant a copy of the brief, the motion to withdraw, and two letters—one confidential, which detailed the specific issues considered and why those issues were not briefed; and one non-confidential, which explained the meaning of the brief and informed Defendant of his rights related to this matter, including filing a brief in his own behalf. In response to his request, a copy of the record was sent to the Defendant and additional time for filing his *pro se* brief was granted. Despite being offered notice and opportunity, Defendant did not file a *pro se* brief.

Pursuant to *Benjamin,* this Court performed an independent and thorough review of the pleadings, minute entries, indictments, and transcripts contained in the appeal record. Our examination revealed that Defendant was properly charged by grand jury indictment, which was signed by the foreperson and entered in open court; Defendant was present and represented by counsel at arraignment, trial, and sentencing; the State proved every essential element of the crimes beyond a reasonable doubt as illustrated by the trial transcript; and the sentences imposed are legal in all respects. Finding no non-frivolous issues or ruling which arguably support an appeal, we affirm the trial court's judgment and grant Counsel's motion to withdraw.

**CONCLUSION**

For the foregoing reasons, we grant Counsel's motion to withdraw and affirm Defendant's convictions and sentences.

**MOTION TO WITHDRAW GRANTED;**
**CONVICTIONS AND SENTENCES AFFIRMED**