PER CURIAM.
| TWrit granted. Defendant was convicted of two counts of sexual battery, attempted aggravated rape, six counts of aggravated incest, and obstruction of justice. On appeal, he contended that there was insufficient evidence to support the convictions for the sex offenses because the victims’'testimony was inconsistent and uncorroborated by physical evidence. The court of appeal affirmed the convictions because it determined that the evidence sufficed under the standard of Jackson v. Virginia, 443 U.S. 307, 320, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979).
In reviewing defendant’s claim that the sentence for attempted aggravated rape was unconstitutionally excessive, however, the court of appeal found that it was unable to determine the victim’s age at the time of this offense from the record. See State v. Thacker,13-0516, pp. 15-16 (La.App. 3 Cir. 1/22/14), 130 So.3d 1037, 1047-48. The court of appeal correctly noted that if the victim was not under the age 1 gof 13 at the time ■ of the offense was perpetrated then the evidence would not support a conviction for attempted aggravated rape in accordance with La. R.S. 14:42(A)(4). Nonetheless, the court of appeal did not address this issue further because “[tjhis concern was not raised by the Defendant in his briefs to this court.” Id., 13-0516 at 16,130 So.3d at 1048. Similarly, in considering whether defendant’s sentence for obstruction of justice was unconstitutionally excessive, the court of appeal indicated that it was unable to determine the factual basis of this conviction but did not consider whether sufficient evidence was presented to support this *297 conviction because defendant did not raise the issue. Id., 13-0516 at 21, 130 So.3d at 1050.
When the state’s case is devoid of evidence of an essential element of the charged offense, the conviction and sentence must be set aside “regardless of how the error is brought to the attention of the reviewing court.” State v. Raymo, 419 So.2d 858, 861 (La.1982). The court of appeal thus erred in failing to consider the issue of sufficiency further once it came to the court’s attention. In addition, the court of appeal’s decree requires clarification. The court of appeal rejected defendant’s claim that the sentence for attempted aggravated rape is unconstitutionally excessive. However, in its decree, the court of appeal vacated this sentence. Accordingly, the application is granted to vacate the court of appeal opinion and remand the matter to the court of appeal for reconsideration consistent with State v. Raymo, swpra. The court of appeal is further directed to clarify the decree.
KNOLL, J., would deny.