STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-1126

STATE OF LOUISIANA

VERSUS

ZHEGAO QUAN

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 144233
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Billy Howard Ezell, and James T. Genovese, Judges.

AFFIRMED IN PART; VACATED IN PART; AND, REMANDED WITH INSTRUCTIONS.

Edward K. Bauman
Louisiana Appellate Project
Post Office Box 1641
Lake Charles, Louisiana 70602
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT:
     Zhegao Quan

**Keith Stutes**
**District Attorney – Fifteenth Judicial District**
**Roger P. Hamilton, Jr.**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana 70511**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, Zhegao Quan, pled guilty to four counts of identity theft in violation of La.R.S. 14:67.16, four counts of monetary instrument abuse in violation of La.R.S. 14:72.2(A), six counts of illegal transmission of monetary funds in violation of La.R.S. 14:70.8, and four counts of access device fraud in violation of La.R.S. 14:70.4. On the four counts of identity theft, he was sentenced to six months in the parish jail; on the four counts of monetary instrument abuse, he was sentenced to seven years at hard labor and a $5,000.00 fine; on the six counts of illegal transmission of monetary funds, he was sentenced to seven years at hard labor; and, on the four counts of access device fraud, he was sentenced to five years at hard labor. All eighteen counts were ordered to run concurrently, with Defendant being given credit for time served.

Defendant filed a Motion to Reconsider his sentences, which was denied. He now appeals, alleging excessive sentence only. He does not appeal his conviction.

## FACTS

On December 4, 2013, two out-of-state victims reported that their credit cards had been used at a Wal-Mart in Lafayette, Louisiana. Video surveillance confirmed that two Asian males had used the cards and that the same two males had been spotted back in the store the following day. One of those males was the Defendant, Zhegao Quan, who, at the time of his arrest on December 5, 2013, was in possession of four credit cards and sixteen Wal-Mart gift cards. The credit cards were found to be re-coded to charge to different credit card numbers than those which were listed on the cards.

According to the male with whom Defendant was arrested, this occurrence was part of a nationwide credit card scam. The victims in this case were residents

of the states of Mississippi and Montana.  Defendant is a sixty-year-old Chinese citizen, who was illegally in the United States at the time of the offenses and upon whom the Immigration and Nationalization Service has filed a detainer.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record.  After reviewing the record, we find two actionable errors patent, namely, an illegally excessive sentence in part and a misjoinder of offenses, which are individually addressed below.

*ILLEGALLY EXCESSIVE SENTENCE*

Defendant was charged by bill of information in Counts 15, 16, 17 and 18 with having committed, on December 4, 2013, four violations of La.R.S. 14:70.4, access device fraud.  The bill of information provided in pertinent part:

> Count 15: On or about 12/04/2013, in the Parish of Lafayette, ZHEGAO QUAN did willfully, unlawfully and intentionally issued [sic] an access card, valued at under $500.00, in the name of JACKIE JOHNSON and/or TODD HARWELL, without authorization and with the intent to defraud JACKIE JOHNSON and/or TODD HARWELL, in violation of the provisions of R.S. 14:70.4.

> Count 16: On or about 12/04/2013, in the Parish of Lafayette, ZHEGAO QUAN did willfully, unlawfully and intentionally issued [sic] an access card, valued at under $500.00, in the name of JACKIE JOHNSON and/or TODD HARWELL, without authorization and with the intent to defraud JACKIE JOHNSON and/or TODD HARWELL, in violation of the provisions of R.S. 14:70.4.

> Count l7: On or about 12/04/2013, in the Parish of Lafayette, ZHEGAO QUAN did willfully, unlawfully and intentionally issued [sic] an access card, valued at under $500.00, in the name of JACKIE JOHNSON and/or TODD HARWELL, without authorization and with the intent to defraud JACKIE JOHNSON and/or TODD HARWELL, in violation of the provisions of R.S. 14:70.4.

> Count 18: On or about 12/04/2013, in the Parish of Lafayette, ZHEGAO QUAN did willfully, unlawfully and intentionally issued [sic] an access card, valued at under $500.00, in the name of JACKIE JOHNSON and/or TODD HARWELL, without authorization and with the intent to defraud JACKIE JOHNSON and/or TODD HARWELL in violation of the provisions of R.S. 14:70.4.

2

On May 1, 2013, Defendant entered guilty pleas to these four counts of access device fraud and was sentenced on each count to five years at hard labor. The bill of information charges the value of this unlawful conduct at less than five hundred dollars. According to the statute, the amount of the misappropriation or taking determines the penalty. The applicable penalty provision of La.R.S. 14:70.4 in this case provides in pertinent part:

> [E](3) When the misappropriation or taking amounts to a value of less than five hundred dollars, the offender shall be imprisoned for not more than six months or fined not more than five hundred dollars, or both.
> . . . .
>
> F. In addition to any other penalty imposed under this Section, the court shall order restitution as a part of the sentence. Restitution may include payment for any cost incurred by the victim, including attorney fees, costs associated in clearing the credit history or credit ratings of the victim, or costs incurred in connection with any civil or administrative proceedings to satisfy any debt, lien, or other obligation of the victim arising as a result of the actions of the defendant.
>
> G. When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate amount of the misappropriation or taking shall determine the grade of the offense. For purposes of this Subsection, distinctive acts of the offender do not have to involve the same victim.

Thus, the applicable penalty, section (E)(3) of La.R.S. 14:70.4, provides a sentence of not more than six months, or a fine of not more than five hundred dollars, or both; however, the trial court imposed five years at hard labor on each conviction.[1] In *State v. Johnson*, 220 La. 64, 55 So.2d 782, 783-84 (1951) (citations omitted), the court explained in pertinent part:

> In any criminal case it is the mandatory duty of the district judge upon conviction of a defendant to impose a sentence authorized or directed by law, and, if he does not impose a sentence authorized or directed by law, the sentence is illegal, and the case is in the same

_____

[1]The record before this court does not reflect that Defendant was pleading to a single count of La.R.S. 14:70.4 in an aggregate amount to increase the penalty.

condition as if no sentence at all has been imposed, and it must be remanded to the district court so that the judge may impose a legal sentence.

In this case, the trial court imposed an illegally excessive sentence on each of the four counts of access device fraud; therefore, the sentences imposed on those four counts of access device fraud in violation of La.R.S. 14:70.4 are vacated, and the matter is remanded to the trial court for resentencing in accordance with this opinion. Additionally, at resentencing, the trial court shall order restitution in accordance with La.R.S. 14:70.4(F).

## *MISJOINDER*

There is a misjoinder of offenses in the bill of information. The bill of information charged Defendant with identity theft in counts one through four and with access device fraud in counts fifteen through eighteen. These are misdemeanors and are triable by a judge without a jury. La.Code Crim.P. art. 779(B); La.R.S. 14:67.16 and 14:70.4. The remaining counts are offenses in which punishment is with or without hard labor. These offenses are relative felonies and are triable by a jury of six, all of whom must concur to render a verdict. La.Code Crim.P. art. 782; La.R.S. 14:72.2 and 14:70.8.

Louisiana Code of Criminal Procedure Article 493 provides for the joinder of offenses in a single bill under limited circumstances if the offenses joined are triable by the same mode of trial. The misdemeanor counts (one through four and fifteen through eighteen) were improperly joined with the remaining relative felony counts. However, Defendant did not file a motion to quash the bill of

4

information on the basis of misjoinder of offenses as required by La.Code Crim.P. art. 495; therefore, this error is precluded from review.[2]

## ASSIGNMENT OF ERROR

Defendant's lone assignment of error is that the trial court erred by imposing a constitutionally excessive sentence. We note that no contemporaneous objection was made at the time of sentencing. However, a motion to reconsider sentence was timely filed, asserting simply that the sentence imposed was excessive and that the motion was denied.

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Because Defendant's motion to reconsider asserts that the sentences are generally excessive, Defendant is limited to a bare excessiveness review. The law is well-settled concerning the standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the

---

[2]Because Defendant is challenging the excessiveness of all of the sentences herein, and since the trial court ordered all of the sentences to run concurrently, there is no need for a severance of the misdemeanor counts from the relative felony counts, and we do not do so.

5

severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

. . . [E]ven when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive, and in determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

[An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

*State v. Decuir*, 10-1112, pp. 11-13 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 790-91

(second alteration ours).

In applying the *Smith* factors, we note that this case involves non-violent crimes committed by a sixty-year-old illegal immigrant, with no prior arrests, to be considered in light of the legislative intent to enforce the social taboo against taking the property of another. *Smith*, 846 So.2d 786.

As to the four counts of identity theft, under La.R.S. 14:67.16(C)(4)(a):

> Whoever commits the crime of identity theft when credit, money, goods, services, or any thing else of value is obtained, possessed, or transferred, which amounts to a value less than three hundred dollars, shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both.

As previously set forth in the Errors Patent section of this opinion, and for the purpose of judicial economy, these counts are being addressed along with the felony counts. *State v. C.S.D.*, 08-877 (La.App. 3 Cir. 2/4/09), 4 So.3d 204. Although Defendant's six-month sentence represents a maximum sentence for this crime, the sentence is being served concurrently with all of Defendant's other sentences and, thus, does not actually increase the amount of time he will spend incarcerated, as he has multiple other sentences of seven years at hard labor.

As to the four counts of monetary instrument abuse, under La.R.S. 14:72.2(A):

> Whoever makes, issues, possesses, sells, or otherwise transfers a counterfeit or forged monetary instrument of the United States, a state, or a political subdivision thereof, or of an organization, with intent to deceive another person, shall be fined not more than one million dollars but not less than five thousand dollars or imprisoned, with or without hard labor, for not more than ten years but not less than six months, or both.

Here, Defendant was sentenced, on each count, to seven years at hard labor and fined $5,000.00, with the sentences running concurrently. Thus, while the fine was the minimum required by law, the seven-year hard labor sentence represents a sentence on the higher end of the allowable range.

7

As to the six counts of illegal transmission of monetary funds, under La.R.S. 14:70.8(A):

> Whoever with intent to defraud either transmits, attempts to transmit, causes to be transmitted, solicits a transmission, or receives a transmission, by wire or radio signal, any stolen or fraudulently obtained monetary funds shall be imprisoned, with or without hard labor, for not more than ten years, or fined not more than one hundred thousand dollars, or both.

Here, again, Defendant's seven-year sentence at hard labor is on the high end of the incarceration spectrum, although there was no fine imposed.

Finally, and as also set forth in the Errors Patent section of this opinion, the sentences imposed on the four counts of access device fraud, in violation of La.R.S. 14:70.4, are illegally excessive.

At sentencing, the State urged the trial court to impose incarceration under La.Code Crim.P. art. 894.1(A), which states:

> When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if any of the following occurs:
>
> (1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
>
> (2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
>
> (3) A lesser sentence will deprecate the seriousness of the defendant's crime.

The State asked for the maximum ten-year sentence. In its brief, the State argues that Defendant's criminal activity was part of a nationwide scam and that a lessor sentence would deprecate the seriousness of the crime as recited in La.Code Crim.P. art. 894.1(A)(3).

8

Conversely, Defendant argues that, rather than keeping him in prison, he should be released and deported instead. In brief, counsel for Defendant contends that:

> Sixty[-]year[-]old Zhegao Quan, who has already served over a year in prison, should be deported as soon as possible to China where he can be their burden. He has already cost Louisiana taxpayers enough money. Once deported, Homeland Security will make sure Mr. Quan never returns to the United States.

Although Defendant is a sixty-year-old first-offender, he pled guilty to crimes which affected multiple victims, who were located in multiple states. Additionally, Defendant admitted to being hired to travel to the southern United States to effectuate the scam.

While Defendant's argument for a lesser sentence resulting in his deportation as being fiscally beneficial to the people of Louisiana is quite creative, he fails to cite any law in support of his argument. Given that these crimes affected multiple victims, both of whom are located out of state, and were part of a nationwide scam, the sentences are below the maximum allowable sentences for all of the felony charges. We find no abuse of discretion in the trial court's sentencing in that regard. Therefore, Defendant's sentences for identity theft, in violation of La.R.S. 14:67.16, monetary instrument abuse, in violation of La.R.S. 14:72.2, and illegal transmission of monetary funds, in violation of La.R.S. 14:70.8, are affirmed.

## DISPOSITION

Defendant's sentences imposed on the four counts of access device fraud in violation of La.R.S. 14:70.4 are vacated, and this matter is remanded to the trial court for resentencing in accordance with this opinion. Additionally, at resentencing, the trial court is to order restitution in accordance with La.R.S.

9

14:70.4(F). The sentences imposed on all of the fourteen remaining counts are affirmed.

**AFFIRMED IN PART; VACATED IN PART; AND,**
**REMANDED WITH INSTRUCTIONS.**

10