# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-745


STATE OF LOUISIANA

VERSUS

THERAND GUY THACKER



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 310,218
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.


**AFFIRMED IN PART; VACATED IN PART; REMANDED; AND MOTION TO WITHDRAW GRANTED.**

**Phillip Terrell, Jr.**
**District Attorney**
**Ninth Judicial District Court**
**Sheryl Lynn Laing**
**Assistant District Attorney**
**P. O. Drawer 1472**
**Alexandria, La 71309**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Edward John Marquet**
**Louisiana Appellant Project**
**Post Office Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR APPELLANT:**
     **Therand Guy Thacker**

**Thomas Rockwell Willson**
**Post Office Drawer 1630**
**Alexandria, LA 71309**
**(318) 442-8658**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**EZELL, Judge.**

The Defendant, Therand Guy Thacker, is appealing his resentencing for the convictions of two counts of sexual battery, attempted aggravated rape, and six counts of aggravated incest. The remand to the trial court for resentencing resulted from this court's opinion in *State v. Thacker*, 13-516 (La.App. 3 Cir. 1/28/15), 157 So.3d 798 (hereinafter referred to as Thacker Two). In *Thacker* Two, this court set forth the procedural history of the case writing in pertinent part:

> The Defendant, Therand Guy Thacker, was charged in an indictment filed on February 23, 2012, [and then amended] with the following eleven counts: 1) aggravated rape, a violation of La.R.S. 14:42 [date of alleged offense was January 2003 to December 2005]; 2) aggravated rape, a violation of La.R.S. 14:42 [date of alleged offense was January 1999 to December 2002]; 3) attempted aggravated rape, a violation of La.R.S. 14:42 and La.R.S. 14:27 [date of alleged offense was January 1997 to December 1999]; 4) aggravated incest, a violation of La.R.S. 14:78.1 [date of alleged offense September 21, 1998 to January 4, 2012]; 5) aggravated incest, a violation of La.R.S. 14:78.1 [date of alleged offense September 21, 1998 to January 4, 2012]; 6) aggravated incest, a violation of La.R.S. 14:78.1 [date of alleged offense September 21, 1998 to January 4, 2012]; 7) aggravated incest, a violation of La.R.S. 14:78.1 [date of alleged offense September 21, 1998 to January 4, 2012]; 8) aggravated incest, a violation of La.R.S. 14:78.1 [date of alleged offense September 21, 1998 to January 4, 2012]; 9) aggravated incest, a violation of La.R.S. 14:78.1 [date of alleged offense September 21, 1998 to January 4, 2012]; 10) intimidating a witness, a violation of La.R.S. 14:129.1; and 11) obstruction of justice, a violation of La.R.S. 14:130.1. The Defendant was arraigned on March 2, 2012, and entered a plea of not guilty. On March 27, 2012, the State filed an amended indictment.
>
> Jury selection commenced on October 16, 2012, and, on October 18, 2012, the jury returned the following verdicts: 1) guilty of the responsive verdict of sexual battery, a violation of La.R.S. 14:43.1; 2) guilty of the responsive verdict of sexual battery; 3) guilty; 4) guilty; 5) guilty; 6) guilty; 7) guilty; 8) guilty; 9) guilty; 10) not

guilty; and 11) guilty.[1]  On November 2, 2012, the Defendant was sentenced to serve twenty years at hard labor for obstruction of justice and fifty years at hard labor without benefit of probation, parole, or suspension of sentence for each count of sexual battery and one count of aggravated incest. The sentences were to be served concurrently. The trial court failed to impose sentences for the remaining five counts of aggravated incest.

. . . .

On appeal, this court affirmed the Defendant's convictions, finding the evidence presented by the State was sufficient under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *State v. Thacker*, 13-516 (La.App. 3 Cir. 1/22/14), 130 So.3d 1037, *vacated*, 04-418 (La. 10/24/14), 150 So.3d 296 [Thacker One]. However, this court vacated the Defendant's sentences for sexual battery, attempted aggravated rape, and obstruction of justice, and the single sentence imposed for six counts of aggravated incest and remanded the matter for resentencing. *Id.*  On March 17, 2014, the trial court resentenced the Defendant.

The Defendant sought review of this court's ruling in the supreme court. *See Thacker*, 150 So.3d 296.  In its opinion, which was issued on October 24, 2014, the supreme court stated:

> In reviewing defendant's claim that the sentence for attempted aggravated rape was unconstitutionally excessive, however, the court of appeal found that it was unable to determine the victim's age at the time of this offense from the record. *See State v. Thacker*, 13-0516, pp. 15-16 (La.App. 3 Cir. 1/22/14), 130 So.3d 1037, 1047-48.  The court of appeal correctly noted that if the victim was not under the age of 13 at the time of [sic] the offense was perpetrated then the evidence would not support a conviction for attempted aggravated rape in accordance with La. R.S. 14:42(A)(4).  Nonetheless, the court of appeal did not address this issue further because "[t]his concern was not raised by the Defendant in his briefs to this court."  *Id.*, 13-0516 at 16, 130 So.3d at 1048.  Similarly, in considering whether defendant's sentence for obstruction of justice was unconstitutionally

---

[1] In *Thacker* Two, 157 So.3d at 813, this court found the evidence was insufficient to support a conviction of obstruction of justice.  Thus, this court vacated the conviction and sentence.

2

excessive, the court of appeal indicated that it was unable to determine the factual basis of this conviction but did not consider whether sufficient evidence was presented to support this conviction because defendant did not raise the issue. *Id.*, 13-0516 at 21, 130 So.3d at 1050.

When the state's case is devoid of evidence of an essential element of the charged offense, the conviction and sentence must be set aside "regardless of how the error is brought to the attention of the reviewing court." *State v. Raymo*, 419 So.2d 858, 861 (La.1982). The court of appeal thus erred in failing to consider the issue of sufficiency further once it came to the court's attention. In addition, the court of appeal's decree requires clarification. The court of appeal rejected defendant's claim that the sentence for attempted aggravated rape is unconstitutionally excessive. However, in its decree, the court of appeal vacated this sentence. Accordingly, the application is granted to vacate the court of appeal opinion and remand the matter to the court of appeal for reconsideration consistent with *State v. Raymo*, *supra*. The court of appeal is further directed to clarify the decree.

*State v. Thacker*, 14-418 (La. 10/24/14), 150 So.3d 296, 296-97.

In light of the language in the supreme court's ruling vacating this court's prior opinion, we will once again review all errors assigned by the Defendant on appeal. Additionally, we find that the trial court sentencing that occurred on March 17, 2014, as a result of the remand ordered by this court is null.

*Id.* at 801-03 (footnote omitted) (fourteenth alteration in original).

In *Thacker* Two, this court vacated all the sentences imposed for aggravated incest and sexual battery and remanded the matter to the trial court for resentencing. This court held as follows:

The Defendant was convicted of six counts of aggravated incest. The minutes of sentencing indicate that the trial court imposed a sentence of fifty years at hard labor without the benefit of probation, parole, or suspension of sentence on each count of aggravated incest. However, the sentencing transcript indicates the trial court imposed a

single sentence of fifty years at hard labor without the benefit of probation, parole, or suspension of sentence, and it failed to specify for which conviction it was imposing the sentence. Additionally, the trial court failed to impose sentences for the other aggravated incest convictions

. . . .

*Consequently, the single sentence imposed on the aggravated incest conviction is vacated and the matter remanded to the trial court for a legal sentence to be imposed on each of the aggravated incest convictions in accordance with the applicable penalty in effect at the time of the commission of the offense.*

. . . .

*Summarizing, because the record does not establish which conduct supports which conviction and because the legality and excessiveness of at least one of the two sexual battery convictions cannot be determined, we vacate the two sexual battery sentences and remand the matter to the trial court for resentencing in accordance with the applicable penalty in effect at the time of the commission of the offenses and order the trial court to clarify the reasons for the sentences imposed on both sexual battery convictions.*

*Id*. at 803-818 (emphasis added) (footnote omitted).

On May 20, 2015, the trial court resentenced the Defendant to ten years at hard labor on both counts of sexual battery, without the benefit of probation, parole, or suspension of sentence. On the conviction of attempted aggravated rape, the Defendant was sentenced to fifty years at hard labor, without the benefit of probation, parole, or suspension of sentence. On counts four, five, six, and seven, for the convictions of aggravated incest, the Defendant was sentenced to twenty years at hard labor. On counts eight and nine, for the convictions of aggravated incest, he was sentenced to fifty years.

The Defendant perfected a timely appeal, wherein appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to

4

withdraw as the Defendant's appellate counsel.[2] For the following reasons, we affirm the Defendant's sentences on counts one through seven, but vacate his sentence on counts eight and nine. Additionally, we grant appellate counsel's motion to withdraw.

## FACTS

The Defendant was convicted of sexual offenses involving his nieces, N.D. and C.D.[3]

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there are several errors patent regarding the sentences imposed. At resentencing, the following pertinent exchanges occurred:

BY THE COURT:

> All right. Then instead of trying to piece meal [sic] what they sent back, I'm just gonna [sic] go through with [sic] all the different crimes that are on the bill of indictment that we have and there were some that were affirmed, but I'm gonna go ahead and sentence him on those even if they were affirmed so that there's not an issue.

> On Count 1. . .well, I'm not gonna go through the counts, uh, because Count 1 was aggravated rape (interrupted)[.]

BY MS. LAING [STATE]:

> And it was sexual battery was [sic] the responsive verdict to that.

---

[2] On September 30, 2015, this court issued an order requesting appellate counsel to brief possible sentencing errors regarding the sexual battery and aggravated incest convictions. Appellate counsel responded the trial court "substantially complied," and there were no objections to sentences imposed except "as to excessiveness previously argued in earlier briefs."

[3] The victims' initials are used under the authority of La.R.S. 46:1844(W) which allows this court to identify a crime victim who is a minor or a victim of a sex offense by using his or her initials.

BY THE COURT:

Oh, okay then. On the responsive verdict to that aggravated, uh, rape, on that sexual battery, the sentence of the Court is he's to serve ten years at hard labor without benefit of probation, parole or suspension of sentence.

And on Count 2, the aggravated rape was that a sexual battery?

BY MS. LAING:

It was a sexual battery respon (interrupted)

BY THE COURT:

Same sentence. Ten years at hard labor without benefit of probation, parole or suspension of sentence.

Count 3 is attempted aggravated rape. Sentence of the court is he's to serve fifty years at hard labor with the Louisiana Department of Corrections. That is without benefit of probation, parole or suspension of sentence.

On the Counts of aggravated incest, one, two, three, four, five, six, on four of those counts, the sen. . .uh, the possible penalty range is five to twenty years. That was the effective sentencing range at the time the crimes were committed. As to . . . can we say the first four, do you know exactly which four?

BY MS. LAING:

Um, in, in my memo, I'd indicated it that way. I think they were actually all billed, Judge, covering both time periods, if you need the dates, but the testimony was (interrupted)

BY THE COURT:

Okay.

BY MS. LAING:

. . . four of them were under the old law and two under the new law.

BY THE COURT:

6

> All right. Counts four, five, six and seven, the penalty range is five . . . well, I'm just gonna say the sentence of the Court is he's to serve fifty year[s] . . . twenty years, twenty years at hard labor with the Louisiana Department of Corrections.
>
> On Count[s] eight and nine, the sentence of the Court is he's supposed . . . he's to serve fifty years on Count eight. Fifty years on Count nine. All of these sentences and all of these counts will be served concurrently.

There is a possible error patent regarding the sentences imposed on the two counts of sexual battery.

In *State v. Parker*, 03-924, pp. 9-10 (La. 4/14/04), 871 So.2d 317, 322, the court held in pertinent part:

> [I]t is generally settled that the law in effect at the time of the commission of the offense is determinative of the penalty which is to be imposed upon the convicted accused. *See State v. Narcisse*, 426 So.2d 118, 130 (La.1983). *State v. Wright*, 384 So.2d 399, 401 (La.1980); *State v. Gros*, 205 La. 935, 938, 18 So.2d 507, 507 (1944), cert. denied, 326 U.S. 766, 66 S.Ct. 170, 90 L.Ed. 462 (1945).

In *Thacker* Two, 157 So.3d at 816-17, the court held as follows:

> According to the charging instrument, the Defendant committed count one of aggravated rape between January 2003 and December 2005 and count two of aggravated rape between January 1999 and December 2002, and C.D. was listed as the victim on each count. The jury found the Defendant guilty of the responsive verdict of sexual battery on each count.
>
> One of the incidents that C.D. testified to that fits the definition of sexual battery occurred when she was six years old. C.D. testified her date of birth was June 26, 1996. Given C.D.'s date of birth, that incident would have occurred sometime between June 2002 and June 2003. If this incident is used for one of the sexual battery convictions, the sentencing range in effect at that time was not more than ten years with or without hard labor without the benefit of parole, probation, or suspension of sentence.
>
> There are several other incidents that C.D. testified to that fit the definition of sexual battery; however, two of the incidents, as discussed below, may have occurred outside the date ranges specified in the charging instrument for the sexual battery counts, and several of

7

the incidents definitely occurred outside the date ranges specified in the charging instrument for the sexual battery counts.

Additionally, with respect to two of the incidents, it is unclear whether the 2006 amendment to La.R.S. 14:43.1 applies. As noted in the sufficiency review, C.D. testified that she was "maybe about 10" when the Defendant put her hand down his pants, and with respect to a separate incident, she testified that she was "around ten" when the Defendant put her hand down his pants. C.D. turned ten on June 26, 2006. The effective date of the 2006 amendment to La.R.S. 14:31.1, which added the penalty range of twenty-five to life when the victim is under the age of thirteen, was August 15, 2006, approximately a month and a half after C.D. turned ten. Therefore, C.D.'s testimony that she was "maybe about 10" for one incident and "around 10" for the other incident does not pinpoint the time of the offenses and could mean the incidents occurred sometime before or after her tenth birthday. Therefore, it is unclear whether the two incidents just discussed occurred prior to or after the 2006 amendment to La.R.S. 14:43.1. Since the dates of these two incidents cannot be determined, the legality and excessiveness of the sentence on one of the counts of sexual battery cannot be determined if one of the above-referenced incidents was the basis of one of the sexual battery convictions. There were three other incidents C.D. testified to that fit the definition of sexual battery, and based on her testimony regarding her age at the time of the incidents, the incidents clearly occurred after the effective date of the 2006 amendment to La.R.S. 14:43.1. Therefore, if any one of these three other incidents was the basis for one of the sexual battery convictions, the 2006 amendment to La.R.S. 14:43.1 would apply to that conviction.

At resentencing, the trial court failed to follow these instructions by this court: "remand the matter to the trial court for resentencing in accordance with the applicable penalty in effect at the time of the commission of the offenses and order the trial court to clarify the reasons for the sentences imposed on both sexual battery convictions." *Id*. at 818. The trial court simply imposed ten-year sentences on each count of sexual battery. If one of the sentences should have been greater because the 2006 amendment to La.R.S. 14:43.1 applied, it renders the sentence or sentences illegally lenient. Since the issue of an illegally lenient sentence was not raised as an error, this court will not address the issue. *State v. Celestine*, 11-1403 (La.App. 3 Cir. 5/30/12), 91 So.3d 573.

Next, an illegally excessive sentence may have been imposed on counts eight and nine for the aggravated incest convictions.

The applicable penalty for aggravated incest was a fine not to exceed fifty thousand dollars or imprisonment for five to twenty years, with or without hard labor, from June 10, 1993 to August 14, 2006. On or after August 15, 2006, the penalty was increased if the victim was under the age of thirteen when the offender was seventeen years of age or older. This penalty was twenty-five years to life imprisonment at hard labor. La. R.S. 14:78.1.[4]

At sentencing, the State, referring to the aggravated incest convictions, stated "four of them were under the old law and two under the new law."

In order to determine the applicable penalty for the aggravated incest convictions, the findings by this court in *Thacker* Two, 157 So.3d 798, were utilized, along with the record; the following can be determined:

a. On count four, the Defendant licked N.D.'s vagina with his tongue; N.D. was between five to seven years old at the time (1997-1999). *Id*. at 804;

b. On count five, the Defendant rubbed with his hands C.D.'s "'boobs,'" "'nuny cat,'" and "'butt'"; C.D. was around fourteen years old (2010). *Id.* at 805;

c. On count six, while N.D. was in middle school (2003-2005), the Defendant licked her vagina with his tongue. *Id*. at 804;

d. On count seven, on August 2, 2011, the Defendant put his hand up C.D.'s shirt and touched her "'boobs'" under her underwear; C.D. was around fifteen years old. *Id*. at 805-06;

e. On count eight, the Defendant put C.D.'s hand down his pants *and* she touched his "'hot dog'"; this occurred twice when C.D. was around age 10 (C.D. turned ten years old on June 26, 2006). *Id*. at 805; and

---

[4]Effective June 12, 2014, La.R.S. 14:78.1 was repealed. This offense is now included in La.R.S. 14:89 and 14:89.1.

9

f. On count nine, the Defendant stuck his hands in C.D's shorts and put his finger in her "'nuny cat hole'" and tried to put his "'hot dog'" in her "'nuny cat'"; C.D. was around fifteen years old (2011). *Id*. at 806.

The remaining acts set forth in the opinion include the following:

a. When N.D. was age seventeen, the Defendant stuck his finger inside her. *Id*. at 804;

b. When N.D. was age eighteen, the Defendant tried to stick his "'wiener'" inside of her. *Id*. at 805; and

c. When N.D. was eighteen years old or older, the Defendant pulled down her pants and licked her. *Id*. at 805.

In *State v. Quan*, 14-1126, pp. 3-4 (La.App. 3 Cir. 3/4/15), 157 So.3d 1259, 1262, this court explained in pertinent part:

In *State v. Johnson*, 220 La. 64, 55 So.2d 782, 783-84 (1951) (citations omitted), the court explained in pertinent part:

In any criminal case it is the mandatory duty of the district judge upon conviction of a defendant to impose a sentence authorized or directed by law, and, if he does not impose a sentence authorized or directed by law, the sentence is illegal, and the case is in the same condition as if no sentence at all has been imposed, and it must be remanded to the district court so that the judge may impose a legal sentence.

On count eight, it is unclear the date the offense occurred. The two factual bases remaining that could possibly provide for the increased sentence under the August 15, 2006 amendment of La.R.S. 14:78.1 were the Defendant put C.D.'s hand down his pants and she touched his "'hot dog'"; this occurred twice when C.D. was around age 10 (which was between June 26, 2006 to June 25, 2007). *Id*. at 805. One of these factual bases was used for the sexual battery conviction, and the other could be used for this conviction.

If the offensive act occurred between June 26, 2006 and August 14, 2006, the trial court imposed an illegally excessive sentence. However, if the offensive

10

act occurred on or after August 15, 2006, the trial court imposed the correct sentencing range.

In *State v. M.L. Jr.*, 09-392 (La.App. 3 Cir. 4/14/10), 35 So.3d 1183, *writ denied*, 10-1113 (La. 2/11/11), 56 So.3d 998, a similar issue was addressed on error patent review. This court held in pertinent part:

> The bill alleges that Defendant committed the offense between February 2006 and December 2006. The record indicates that the computer incident occurred in October 2006, but it does not reflect a specific date for the touching incident; only that the touching occurred *before* the computer incident. An approximate date of the touching is necessary to facilitate a review of the legality of the sentence as the penalty provision for indecent behavior with a juvenile was amended in 2006.
>
> Prior to its amendment in 2006, La. R.S.14:81 required that offenders be sentenced to not more than seven years with or without hard labor. Effective August 15, 2006, the legislature amended the penalty provision of La. R.S. 14:81 to provide:
>
> > H. (1) Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.
> >
> > (2) Whoever commits the crime of indecent behavior with juveniles on a victim under the age of thirteen when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.
>
> 2006 La. Acts No. 103, § 3. The Defendant was sentenced under the new penalty provision, La. R.S. 14:81 H(2), to four years at hard labor with the first two years without benefit of parole, probation or suspension of sentence.
>
> A review of the testimony at trial indicates the victim was the only one to reference a time period when the touching occurred. . . .

. . . .

> The victim's testimony that the touching occurred when she was a "baby" and "little" does not pinpoint the time of the offense. When put in context, however, it indicates that the incident likely occurred before the effective date of the amendment in October of 2006. Accordingly, Defendant's sentence will be amended by deleting the provision providing that the sentence is to be served without the benefit of parole, probation, or suspension of sentence. The trial court will note the change in the court minutes.

*Id.* at 1197-98.

In this case, there is no indication in the context of the record, as in *M.L.*, if the offense occurred before or after the effective date of the amended statute. However, based upon the penalty imposed by the trial court, it appears the trial court was of the opinion the offensive act occurred after the effective date. The trial court made this decision based on the testimony and evidence before it, and we see no error in this decision.

However, there is an error patent rendering the sentence illegally lenient, but it requires no action. The amended penalty required the sentence to be served at hard labor. La. R.S. 14:78.1. The trial court failed to order the sentence be served at hard labor.[5] Since the issue of an illegally lenient sentence was not raised as an error, this court will not address the issue. *Celestine*, 91 So.3d 573.

On count nine, all the remaining offensive acts set forth in the opinion occurred when C.D. and N.D. were over the age of thirteen. The applicable penalty provided a sentencing range of five to twenty years with or without hard labor. La.R.S. 14:78.1(D)(1). Thus, the trial court imposed an illegally excessive sentence when it sentenced the Defendant to fifty years on count nine.

---

[5]The minute entry of sentencing indicates the trial court ordered the sentence to be served at hard labor which conflicts with the sentencing transcript which indicates the trial court was silent. When the minute entry and transcript conflict, the transcript prevails. *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

Accordingly, the sentence imposed on count nine is vacated and remanded to the trial court for resentencing.

*Anders*, 386 U.S. 738, the Defendant's appellate counsel filed a brief stating he could find no errors on appeal that would support reversal of the Defendant's sentences. Thus, counsel seeks to withdraw.

> An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. "When counsel files an *Anders* brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal." *State v. Defrene*, 07-823, p. 4 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 33. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. …

*State v. Newman*, 12-359, p. 7 (La.App. 5 Cir. 12/11/12), 107 So.3d 775, 780, *writ denied*, 13-121 (La. 6/21/13), 118 So.3d 407.

Counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241 (citing *United States v. Pippen*, 115 F.3d 422, 426 (7 Cir. 1997)). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented in the lower court and contain "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing

in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In the present case, the appeal is limited to resentencing. In accordance with *Anders* and *Newman*, we have performed a thorough review of the record, including the minute entry of resentencing and the sentencing transcript, and have confirmed the statements by counsel. The Defendant was present and represented by counsel at the resentencing proceeding. Other than the patent errors previously discussed, our review of the record reveals no non-frivolous issues the Defendant could raise on appeal. Accordingly, the motion to withdraw filed by counsel is granted.

## DECREE

This court grants appellate counsel's motion to withdraw and affirms the Defendant's sentences imposed on counts one to eight. The sentence imposed on count nine is vacated and remanded to the trial court for resentencing consistent with this opinion.

**AFFIRMED IN PART; VACATED IN PART; REMANDED AND MOTION TO WITHDRAW GRANTED.**