NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-158

STATE OF LOUISIANA

VERSUS

BRANDY MIZE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 87684
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, James T. Genovese, and John E. Conery, Judges.

AFFIRMED.

Paula C. Marx
Louisiana Appellate Project
Post Office Box 80006
Lafayette, Louisiana  70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
    Brandy Mize

Honorable Asa A. Skinner
District Attorney
Terry W. Lambright
First Assistant District Attorney
Thirtieth Judicial District
Post Office Box 1188
Leesville, Louisiana  71446
(337) 239-2008
COUNSEL FOR APPELLEE:
    State of Louisiana

**CONERY, Judge.**

On April 1, 2015, Defendant, Brandy Mize, was charged with being a principal to the forcible rape of her sixteen-year-old daughter, a violation of La.R.S. 14:24 and 14:42.1; being an accessory after the fact to the forcible rape, a violation of La.R.S. 14:25 and 14:42.1; and four counts of being a principal to aggravated crime against nature, violations of La.R.S. 14:24, La.R.S. 14:89.1(A)(2) and (C)(1). Defendant pled guilty on September 9, 2015, to being a principal to one count of forcible rape and to accessory after the fact to the rape. The State dismissed the remaining charges.

The trial court ordered a pre-sentencing investigation. On November 10, 2015, the trial court sentenced Defendant to the maximum sentence of forty years at hard labor on the forcible rape charge and to five years at hard labor on the accessory charge.[1] The trial court ordered the sentences to run consecutively. Defendant filed a motion to reconsider her sentences on December 1, 2015, alleging they were excessive. The trial court denied the motion on December 4, 2015, without a hearing. Defendant now appeals the length and consecutive nature of her sentences.

### FACTS AND PROCEDURAL HISTORY

While Defendant's version of the facts changed over the course of her statements to police, the evidence proved that Travis McKee and Defendant had a conversation concerning the juvenile's "sexual training." Following the conversation and at the direction of Defendant, McKee showed the daughter into a bedroom, handcuffed her, beat her, and performed oral sex on her while Defendant

---

[1]Although the trial judge ordered a pre-sentence investigation, the report is not included in the record on appeal.

watched. Defendant immediately thereafter left her daughter at the house with McKee so she could go get her paycheck. Upon her return, Defendant asked her daughter "was she okay" because she looked as if she had been crying. When McKee told Defendant he had just vaginally raped her daughter, Defendant's only response was to tell her daughter to get in a tub of hot water.

Defendant's daughter was brought into Defendant's bedroom the next night, where her daughter made a recording of McKee saying "that the more she did it the better it would get, the less it would hurt." Defendant saw McKee engage in sexual intercourse with her daughter. Defendant and McKee got in bed with Defendant's daughter. McKee used a vibrator on Defendant's daughter and then directed her to use it on herself while Defendant performed oral sex on him. While Defendant and McKee then had sexual intercourse, McKee groped her daughter. Another vaginal rape of Defendant's daughter occurred in her presence, and McKee again made her perform oral sex on him, also in Defendant's presence. When Defendant's daughter complained of hurting and being tired the next morning, Defendant gave her a morphine pill. Defendant's daughter was able to escape the house after Defendant and McKee left.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is one error patent concerning Defendant's sentence for forcible rape.

As a principal to forcible rape, Defendant was sentenced to serve forty years at hard labor. Louisiana Revised Statutes 14:42.1 requires at least two years of the sentence to be served without the benefit of parole, probation, or suspension of sentence. The trial court failed to impose any portion of this sentence without

benefits. Accordingly, Defendant's sentence is illegally lenient. *See State v. Sanmiguel*, 626 So.2d 957 (La.App. 3 Cir. 1993); *State v. Jones*, 02-1176 (La.App. 3 Cir. 2/5/03), 839 So.2d 439, *writ denied*, 03-886 (La. 11/7/03), 857 So.2d 516. However, we need take no action, as the illegally lenient sentence was not raised as an error. *See State v. Thacker*, 15-745 (La.App. 3 Cir. 3/9/16), 187 So.3d 552.

## ASSIGNMENT OF ERROR ONE

Defendant contends her maximum sentences of a total of forty-five years are excessive under these circumstances. She claims that she was a nurse, a first felony offender, and under the influence of drugs and alcohol at the time of the offenses. Defendant argues she played a limited part in the rape of her daughter, and she "acted under strong provocation and fear." She alleges that she is not an egregious offender to whom maximum sentences apply.

At the sentencing hearing, the trial court did not consider the lack of a criminal history to be a mitigating factor because Defendant's conduct caused serious harm, and she must have contemplated that it would. The trial court believed "the repeated offenses of letting her child be handcuffed, be orally raped, be vaginally raped" indicated such incidents would "likely occur again should [Defendant] not be placed in the custody of the State of Louisiana." After a lengthy recitation of the horrendous acts committed by Defendant and McKee, the trial court found no substantial grounds existed to either justify or excuse Defendant's behavior. The trial court then found a lesser sentence would deprecate the seriousness of the crimes.

This court has previously discussed the standard for reviewing excessive sentence claims:

[Louisiana Constitution Article 1], § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042 (citations omitted), *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

The sentencing range for the crime of forcible rape is from five to forty years at hard labor, with at least two years of the sentence without benefit of probation, parole, or suspension of sentence. La.R.S. 14:42.1. One convicted of being an accessory after the fact may be sentenced to up to five years with or without hard labor and/or a fine of up to $500. La.R.S. 14:25.

Defendant received the maximum sentences for both crimes. Even though her sentences are allowed by statute, they may still be unconstitutionally excessive.

In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958

> As noted in *State v. Smith*, 433 So.2d 688, 698 (La.1983) (citations omitted), "[w]hile the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." This does not mean, however, that the trial judge's failure to comply with Article 894.1 renders a sentence invalid, as the goal of this article is articulation of the factual basis for a sentence, "not rigid or mechanical compliance with its provisions." *State v. Lanclos*, 419 So.2d 475, 478 (La.1982). Accordingly, if "the record clearly shows an adequate factual basis for the sentence imposed[,] . . . remand is unnecessary, even where there has not been full compliance with Article 894.1." *Id.*

*State v. H.A., Sr.*, 10-95, pp. 25-26 (La.App. 3 Cir. 10/6/10), 47 So.3d 34, 50 (alteration in original).

Defendant argues on appeal that she was afraid of McKee, who exerted great control over her and had threatened her life. Nevertheless, Defendant made no attempt to separate herself and/or her daughter from McKee. She, a mother who held a position of authority over her daughter, was present for most of the acts and actively participated in some of them. She basically furnished her daughter to McKee. She made no attempt to shelter her daughter from this rapist, and she allowed him to use her daughter in any way and at any time he chose over a two to three-day period until her daughter was able to escape. We find that the facts show these acts could not have occurred absent Defendant's approval and involvement.

Defendant argues mitigating factors make her maximum sentences excessive: she was not the actual perpetrator of the crimes; she was under the influence of drugs and alcohol; and she was threatened by Mckee. She contends nothing in the record suggests she would commit another crime during a period of

suspended sentence or probation, contrary to the trial court's findings. Defendant believes a sentence in the lower range for her crimes is appropriate.

In support of her argument, Defendant cites *State v. Fontenot*, 09-1044 (La.App. 3 Cir. 5/12/10), 38 So.3d 1122, *writ denied*, 10-1758 (La. 8/19/11), 67 So.3d 1257. The *Fontenot* defendant alleged the trial court failed to consider the mitigating factors of his age (thirty-four), lack of criminal history, and brain injury. Originally charged with aggravated rape, he pled guilty to the forcible rape of an eighty-five-year-old woman. This court considered him "the worst of offenders," noted the great benefit he received by pleading to a reduced charge, and affirmed his maximum sentence. *Id.* at 1127.

Defendant here considers the defendant in *Fontenot* to be a much worse offender than she. We find that *Fontenot*, contrary to Defendant's argument, actually supports the trial court's imposition of the maximum sentences here. Defendant's actions indicated she not only condoned what McKee did, but she actually helped him carry out his evil deeds. Even though Defendant now proclaims she loves her daughter and would never let anything happen to her, she did in fact allow horrible things to happen to her. Defendant blames her acts on her voluntary intoxication, but she shows nothing to indicate she was intoxicated during the entirety of the offenses committed against her child over a two to three-day period, acts which she participated in and condoned.

In *Fontenot*, this court found the record supported the defendant's guilt on the original, greater charge of aggravated rape and considered that fact to support the maximum sentence in the lesser charge to which he pled. Here, we find that the record supports Defendant's guilt in the additional four separate counts of being a principal to aggravated crime against nature. Defendant received

6

substantial benefit from her plea bargain as these charges were dismissed.  Each of those counts exposed her to an additional sentence of five to twenty years, with or without hard labor, and/or a fine of up to $50,000, for a total additional sentencing exposure of twenty to eighty years of imprisonment and/or a fine of up to $200,000.

The trial court specifically considered some of the factors of La.Code Crim.P. art. 894.1, and the record supports an adequate factual basis for the maximum sentences.  The sentences imposed are not disproportionate to the crimes Defendant committed and do not shock the sense of justice.  Accordingly, we find that the trial court did not abuse its sentencing discretion in imposing maximum sentences in this case.  *See also State v. Childs*, 466 So.2d 1363 (La.App. 3 Cir. 1985); *State v. Downs*, 30,348 (La. App. 2 Cir. 1/21/98), 705 So.2d 1277.

## ASSIGNMENT OF ERROR TWO

Defendant also argues the trial court erred by imposing consecutive sentences because her crimes constituted part of a common scheme or plan.  She alleges the events were all related to McKee's criminal acts of abuse against her daughter.  Thus, consecutive sentences are not warranted.

Louisiana Code of Criminal Procedure Article 883 provides for concurrent sentences when the offenses for which a defendant is convicted constitute parts of "a common scheme or plan," unless the trial court "expressly directs that some or all be served consecutively."  Here, the trial court gave that express direction for consecutive sentences.  The trial court is not required to order the sentences to be served concurrently even when multiple offenses are part of a common scheme or plan.  *See State v. Burns*, 44,937 (La.App. 2 Cir. 2/2/10), 32 So.3d 261; *State v. Touchet*, 06-281 (La.App. 3 Cir. 5/31/06), 931 So.2d 1264.

Here, Defendant's daughter was subjected to oral and vaginal rapes on Friday evening. The next night, she was vaginally raped again and made to perform oral sex on McKee. She was further assaulted that night. These were separate criminal acts on separate days and do not arise out of the same transaction or occurrence. Additionally, even if part of a common scheme or plan, the trial court still had the discretion to impose the sentences consecutively, and we find no abuse of that discretion.

This court should consider "the offender's past criminality, violence in the charged crimes, or the risk he or she poses to the general safety of the community," when reviewing the imposition of consecutive sentences. *State v. Cornejo-Garcia*, 11-619, p. 10 (La.App. 5 Cir. 1/24/12), 90 So.3d 458, 465.

In this case, the trial court recognized Defendant's lack of criminal history, but found it was not a mitigating factor because of the serious acts of violence and harm her behavior caused her daughter. It found Defendant "did not act under any type of provocation from anyone." Nothing justified or excused her criminal conduct. The trial court also indicated its belief that Defendant was "not likely to respond affirmatively to probationary treatment[,] and imprisonment would not be an excessive hardship on herself nor her dependents." The trial court believed Defendant showed an undue risk that she would commit another crime during any period of suspended sentence or probation, and lesser sentences would deprecate the seriousness of her offenses. Defendant's daughter requested the sentences recommended by the State.

We find that the trial court had the discretion to impose consecutive sentences and did not abuse that discretion.

## DISPOSITION

Defendant's convictions and sentences as imposed by the trial court are affirmed.

**AFFIRMED.**

**This opinion is <u>NOT DESIGNATED FOR PUBLICATION</u>.** Uniform Rules—Courts of Appeal. Rule 2–16.3.